## CYNTHIA WICKWIRE'S APPEAL FROM PROBATE.

An application to the court of probate for the appointment of a conservator alleged
that the respondent had, by reason of debauched habits, become incapable of tak-
ing care of herself and of managing her affairs. The superior court, to which
the case came by appeal, admitted evidence that the respondent was left a widow
with a family of small children, and that she took into her house a profligate
man who had abandoned his own wife and children, and was living with him as
his wife, and had had two illegitimate children by him. Held, that the evidence
was properly admitted.

APPEAL from a decree of a probate court appointing a con-
servator over the appellant.

The appointment was made by the probate court upon the
application of the selectmen of the town within which the ap-
pellant resided, alleging that the appellant by reason of intem-
perate and debauched habits had become incapable of taking
care of herself and of managing her affairs, and that she had
estate both real and personal within the town.* Upon the trial
of the case in the superior court, upon the appeal, before
*Waldo, J.,* the appellees offered evidence to prove that the
appellant was the widow of Benjamin Wickwire, who died in
the year 1854, leaving four children of said Benjamin and the
appellant surviving him, one son, aged four years, and three
daughters, aged respectively six, two and one years; that ever
since his death the appellant had lived in the dwelling house
belonging to his estate with the children; and that for the
last four years a man named William Green, who had a lawful
wife and children of his own still living, which he had deserted,
had with the appellant's consent lived in the dwelling house
with her and her children, both by night and day, and so

---

* The statute under which the appointment was made is as follows:—" When-
ever any person by reason of idiocy, lunacy, age, sickness, or any other cause, shall
have become incapable of taking care of himself or of managing his affairs, and
shall have any estate real or personal, the court of probate of the district in which
such person resides, shall, on application of the selectmen of the town where he
belongs, or of any relative of such person, make due inquiry, and if it shall find
such person incapable of taking care of himself, shall appoint some proper person
to be his conservator."

continued to live with her up to the time of the trial ; that no person had during that time lived in the house with them except her infant children ; that during this period and while Green was living with her she had given birth to two illegitimate children ; that Green with her consent had taken possession of a large amount and nearly all of her personal property, and was using for his benefit her real estate, and that of her legitimate children, as his own, and had already committed waste thereon, and had the control, direction and management of all her affairs, and that she was in danger of being reduced to penury.  To the admission of evidence to prove that she had given birth to such illegitimate children, and that Green had been so living with her and that during the time he had been so living with her, the illegitimate children were born, the appellant objected, but the court admitted the same. No evidence of intemperance in the use of intoxicating liquors was offered.

The superior court affirmed the decree of the probate court, and the appellant moved for a new trial for error in the admission of the evidence objected to.

*Graves*, in support of the motion.

*G. M. Woodruff*, contra.

SANFORD, J.  The court of probate is authorized to appoint a conservator of the person and estate of any one who, by reason of any cause whatever, has become incapable of taking care of himself or of managing his affairs.  Rev. Stat., tit. 25, § 1.  And whether such incapacity exists or not is a question of fact, not of law.  In the case before us the allegation in the complaint is of incapacity arising from " intemperate and debauched habits."  No intemperance in the use of intoxicating liquors was claimed upon the trial, and the only question reserved for our consideration is, whether evidence of the appellant's having for four years lived (substantially alone,) with a man who had abandoned his own wife and family, and of

her having within that period become the mother of two illegitimate children, was properly admitted by the superior court.

It needs no argument to show that such evidence conduced to prove the " debauched habits " from which the appellant's incapacity is alleged to have arisen. No woman but one of " debauched habits " as well as of depraved morals would thus have lived with Green, regardless of her maternal duties toward her own legitimate children, of their rights and interests, and of the effect of her conduct upon her own reputation in the community in which she lived. And that habits of debauchery of the kind indicated by such evidence are calculated to produce in the subject of them mental imbecility, while they evince moral depravity, and therefore to produce the incapacity alleged, we can not doubt.

Whether in the case before us the appellant's incapacity was caused by her debauched habits or not, is not the question presented by this motion. The superior court has found the fact of incapacity, and we have only to determine whether the evidence objected to was legally admissible or not. We think it was, and therefore advise that the motion for a new trial be denied.

In this opinion the other judges concurred.